UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ARNOLD KILBERG, individually and<br>As fiduciary of the<br>NORTHEAST CAPITAL CORP.<br>MONEY PURCHASE PENSION PLAN & TRUST<br>And<br>ARNOLD KILBERG & COMPANY, *aka* AK&C<br>As fiduciary of the<br>NORTHEAST CAPITAL CORP.<br>MONEY PURCHASE PENSION PLAN & TRUST<br><br>Respondent. | CIVIL ACTION<br><br>FILE NO.<br><br>CA 06 75ML |

COMPLAINT FOR EQUITABLE RELIEF

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001, *et seq.*, and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(5).

JURISDICTION, PARTIES and VENUE

2. Jurisdiction over this action is conferred upon the Court by Section 502 (e)(1) of ERISA, 29 U.S.C. § 1132 (e)(1).

3. The Northeast Capital Corp. Money Purchase Pension Plan & Trust, also

known as the Northeast Capital Corp. Pension Plan, (hereinafter "the Plan") is an employee pension benefit plan within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A) and ERISA Section 3(3), 29 U.S.C. § 1002(3).

4. Pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132 (e)(2), venue for this action lies in the District of Rhode Island where the Plan was administered.

FACTUAL ALLEGATIONS

5. The Plan is a defined contribution pension plan funded through voluntary employer contributions.

6. The Plan has been inactive since at least 2001 and remains so today.

7. Arnold Kilberg served as the trustee of the Plan and remains so in name.

8. The Plan was sponsored by Arnold Kilberg & Company (hereinafter "AK&C"), an employer of participants in the Plan that also engaged in commerce and activities affecting commerce.

9. AK&C served as the Plan Administrator of the Plan and remains so in name.

10. Arnold Kilberg and AK&C are fiduciaries to the Plan pursuant to ERISA Section (3)(21)(A), 29 U.S.C. Section 1002(21)(A).

11. AK&C's place of business was located at 285 Governor Street, Providence, R.I. 02906.

12. On or about March 1, 2004, Arnold Kilberg filed a voluntary petition in the federal bankruptcy court for the District of Rhode Island seeking bankruptcy protections under Chapter 11 of the bankruptcy code.

13. On or about August 5, 2004, the bankruptcy court converted Arnold

Kilberg's bankruptcy proceedings to a Chapter 7 proceeding under the bankruptcy code

14. Between approximately April 12, 2004 and June 9, 2004, the bankruptcy trustee in Arnold Kilberg's personal bankruptcy proceedings sold substantially all of the business assets of AK&C to Ronald C. Carmark, C.P.A.

15. Mr. Carmark is a former employee of Arnold Kilberg and a participant in the Plan.

16. Pursuant to a complaint for receivership and permanent injunction filed on November 15, 1999 by the Office of United States Attorney for the District of Rhode Island on behalf of the United States Small Business Administration, another corporation owned and operated by Arnold Kilberg, Moneta Capital Corporation (hereinafter "Moneta"), was placed into receivership on or about March 21, 2000. That receivership matter remains before the United States District Court for the District of Rhode Island and was given the case docket number 99-565L.

17. Pursuant to prior Plan loan arrangements, the Receiver of Moneta has come into possession of approximately $76,000 belonging to the Plan.

18. Arnold Kilberg has relocated to Florida.

19. Both Arnold Kilberg and AK&C have failed to file with the U.S. Department of Labor the required Annual Reports (Form 5500) and schedules for the Plan from Plan Year 2002, ending on March 31, 2003, forward.

20. The Plan sponsor no longer continues under the ownership of its namesake.

21. Neither Mr. Kilberg nor AK&C has moved to recover from the Moneta Receiver the monies belonging to the Plan held by that Receiver.

22. The Plan has been effectively abandoned by both its sole trustee, Arnold Kilberg and its sole Plan Administrator, AK&C.

23. The Plan has no active fiduciary to attend to its administration and management.

24. Plan participants are unable to access their only available Plan assets, and they are unable to obtain their appropriate Plan distributions pursuant to the terms of the Plan. There is no prospect for relief for the beneficiaries whose monies, or claims for Plan assets, are being held by the Plan but who, in the absence of a fiduciary, may not receive distributions of their funds.

25. During deposition in the investigatory proceedings brought by the United States Department of Labor in this matter, Mr. Kilberg provided a spreadsheet to the United States Department of Labor created by his employee, Ronald Carmark, which shows that non-fiduciary participants of the Plan are owed $89,566.58 as of March 31, 2001.

## ALLEGED VIOLATIONS OF LAW

26. As a trustee to a pension plan covered by ERISA and pursuant to ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104 (a)(1)(A), Arnold Kilberg is required to discharge his duties with respect to the Plan solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan.

27. As a trustee to a pension plan covered by ERISA and pursuant to ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104 (a)(1)(B), Arnold Kilberg is required to discharge his duties with respect to the Plan with the care, skill, prudence, and diligence

under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

28. As Plan Administrator to a pension plan covered by ERISA and pursuant to ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104 (a)(1)(A), AK & C is required to discharge its duties with respect to the Plan solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan.

29. As Plan Administrator to a pension plan covered by ERISA and pursuant to ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104 (a)(1)(B), AK & C is required to discharge its duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

30. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Paragraphs Nos. 5-25 are adopted herein by reference. Because of the facts and circumstances set forth in Paragraphs Nos. 18-25, the Plan presently does not have a fiduciary with authority and discretion to manage and control all its assets, operations and administration as required by ERISA § 402(a), 29 U.S.C. §1102 (a), and ERISA § 403 (a), 29 U.S.C. § 1103 (a). By failing to fulfill their fiduciary responsibilities, Arnold Kilberg and AK&C have jointly and severally violated ERISA § 402(a), 29 U.S.C. §1102 (a), and ERISA § 403 (a), 29 U.S.C. § 1103 (a).

31. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure Paragraphs

Nos. 5-25 are adopted herein by reference. Because of the facts and circumstances set forth in Paragraph Nos. 18-25, Arnold Kilberg has violated and continues to violate ERISA Sections 404(a)(1)(A) and (B), 29 U.S.C. § 1104 (a)(1)(A) and (B).

32. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure Paragraphs Nos. 5-25 are adopted herein by reference. Because of the facts and circumstances set forth in Paragraph Nos. 18-25, AK&C has violated and continues to violate ERISA Sections 404(a)(1)(A) and (B), 29 U.S.C. § 1104 (a)(1)(A) and (B).

PRAYER FOR RELIEF

WHEREFORE, pursuant to Section 502(a)(5) of ERISA, 29 U.S.C. § 1132 (a)(5), Plaintiff prays that the Court:

A. Appoint a successor fiduciary who shall be charged with the responsibilities to receive Plan assets held by the Moneta Receiver and subsequently effect the proper distribution of those Plan assets to non-fiduciary participants and beneficiaries.

B. Provide such other relief as may be just and equitable.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Donald E. d'Entremont
Attorney
MA BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

DATE: February 15, 2006