Arnold Killberg
3554 Pine Lake Court
Delray Beach, Florida
33445

March 29, 2006

Elaine L. Chao, Secretary Of Labor
United States Department of Labor

Plaintiff,

v.

Arnold Killberg, individually and
As fiduciary of the
Northeast Capital Corp.
Money Purchase Pension Plan + Trust.
And
Arnold Killberg + Company, aka AK+Co.
As fiduciary of the
Northeast Capital Corp.
Money Purchase Pension Plan + Trust.

Respondents

# Answers To Complaint For Equitable Relief

1. Admitted but Respondent leaves burden of proof to the Plaintiff.

2. Admitted

3. Admitted

4. Admitted

5. Admitted

6. Denied.

7. Denied

8. Admitted

9. Denied

10. Denied

11. Denied

12. Admitted

13. Admitted

14. Denied

15. Admitted

16. Denied

17. Admitted

18. Admitted

19. Denied

20. Denied

21. Denied

22. Denied

23. Denied

24. Denied but Respondent leaves burden of proof to the Plaintiff.

25. Denied but Respondent leaves burden of proof to the Plaintiff.

26. Mr. Joseph DiOrio, the U.S. Trustee of the bankruptcy estate of Arnold Kilberg, has seized all (100%) of the plans records, tax returns, workpapers, employee account balances, etc. The original location was 285 Governor Street, Providence, Rhode Island.

Under the direction of Mr. DiOrio, they were transferred to 88 Irving Avenue Providence, Rhode Island.

Within a few days, all (100%) of the plans records were again transferred to the U.S. Trustee's accountants located in Foxboro, Massachusetts.

Upon information and belief, the plans records (100%) were again transferred to Mr. Brian Stern U.S. Small Business ~~Adm~~ Administration.

Arnold Kilberg has written to Mr. Brian Stern of S.B.A. and also to Mr. Vilmio making a demand for the return of all of the records. Nothing was forthcoming and Mr. Kilberg was unable to file and required tax returns were unable to be filed.

In addition, a portion of the plans assets (cash from a participation purchased) was received and retained by Mr. Stern (approximately $80,000.00 plus accrued interest. Mr. Stern has refused to return this approximate sum, demand having been made.

Mr. Stern, under his possession.

has copies of records including cancelled checks to verify the plans purchase of the investments but has refused to turn over the plans records.

27. Admitted but Respondent leaves burden of proof to the plaintiff.

28. Admitted but Respondent leaves burden of proof to the plaintiff.

29. Admitted but Respondent leaves burden of proof to the plaintiff. Under the circumstances of not having any records available to complete any necessary filing it is impossible to comply.

30. Denied but Respondent leaves burden of proof to the plaintiff. Because the U.S. Trustee has seized 100% of the plans records neither Arnold Kilberg nor Arnold Kilberg & Company can fulfill their fiduciary responsibilities but stands ready to fulfill them

upon the return of the seized records.

81. Denied. The actions of the U.S. Trustee and his accountant together with the actions of Mr. Brian Stern of the U.S. Small Business Administration has virtually contributed to the impossibility of completing the requirements.

82. Denied. The actions of the U.S. Trustee and his accountant together with the actions of Mr. Brian Stern of the U.S. Small Business Administration has virtually contributed to the requirements of all necessary filings.

Arnold Kilberg stands ready to complete all filings upon the return of the plans to him without fees or compensation and to subsequently effect the proper distribution of the Plans assets to non-fiduciary participants and

beneficiaries.

Arnold Kilberg & Company
By: Arnold Kilberg

Arnold Kilberg
Individually

c.c. Brian Stern, U.S. Small Business Administration
Edward Lawson, Esquire
Joseph DiAnio, Esquire
Donald E. d'Entremont, Esquire
United States District Court, District of R.I.