UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
NOV 3 1 2006
Property of U.S. District Court
District of Rhode Island

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, United States Department of Labor, Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 06-75 ML/DLM |
| ARNOLD KILBERG, individually and As fiduciary of the NORTHEAST CAPITAL CORP. MONEY PURCHASE PENSION PLAN & TRUST And ARNOLD KILBERG & COMPANY, *aka* AK&C As fiduciary of the NORTHEAST CAPITAL CORP. MONEY PURCHASE PENSION PLAN & TRUST Respondent. | |

## CONSENT JUDGMENT AND ORDER

Defendants Arnold Kilberg and Arnold Kilberg & Company and Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, have agreed to resolve the matters in controversy in this action involving alleged violations of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001 *et seq.* (hereinafter "ERISA"), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

Defendants have accepted service and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

Upon consideration of the Complaint and Consent Judgment and Order, and as agreed by

the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendants and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants are hereby permanently enjoined from the date of entry of this Consent Judgment and Order from engaging in any action in violation of the provisions of Sections 402(a), 403(a) and 404 of ERISA, 29 U.S.C. §§ 1102(a), 1103(a), and 1104.

2. Upon entry of this Consent Judgment and Order, the Chapter 7 Trustee of Arnold Kilberg's personal bankruptcy proceedings, Joseph M. DiOrio, Esq., and Ronald Carmark, the purchaser of the assets of Arnold Kilberg & Company, are hereby appointed as fiduciaries to the Northeast Capital Corp. Money Purchase Pension Plan & Trust (hereinafter "the Plan") solely and exclusively for the limited purposes of receiving monies belonging to the Plan from the court-appointed receiver of Moneta Capital Corporation; placing those monies in a trust account in the name of the Plan; and properly and promptly distributing those monies, up to $89,566.58 plus any interest or investment returns accrued thereto, to the proper Plan participants or beneficiaries, other than Arnold Kilberg, in the proper amounts as determined by the best and most reliable evidence.

3. Neither Joseph M. DiOrio, Esq. nor Ronald Carmark nor anyone else shall receive compensation of any kind from the Plan or its participants or beneficiaries for their efforts involving the receipt, accounting, management, distribution, or any other activity involving the Plan assets described above. Nothing in this Order, however, shall (i) prohibit the proper receipt

of or diminish or encumber any Plan assets properly owed to Ronald Carmark as a participant of the Plan, or (ii) preclude Joseph M. DiOrio, Esq., in his capacity as Chapter 7 Trustee or as legal counsel, from receiving compensation from the Bankruptcy Estate of Arnold Kilberg upon his application to and approval by the U.S. Bankruptcy Court for the District of Rhode Island.

4. Nothing in this Order shall diminish or impair any rights currently held by the Bankruptcy Estate of Arnold Kilberg to seek to collect any monies, other than the amounts set forth in Paragraph 2 above, which may be due and payable to Arnold Kilberg under the Plan.

5. After entry of this Order, the United States Department of Labor shall seek an Order requiring the Receiver of Moneta Capital Corporation to send all applicable monies belonging to the Plan to a trust account established in the name of the Plan by Joseph M. DiOrio, Esq. in his capacity as Trustee of the Bankruptcy Estate of Arnold Kilberg with Joseph M. DiOrio, Esq., in such capacity, as Trustee.

6. Within ten (10) days after entry of this Order, Joseph M. DiOrio, Esq. shall open a trust account, as described above in Paragraph 5, in the name of the Plan and exclusively for the benefit of the Plan within which to hold all Plan assets that are sent to him for proper distribution to the participants and beneficiaries of the Plan.

7. Once the Receiver of Moneta Capital Corporation furnishes all applicable monies belonging to the Plan to a trust account established in the name of the Plan by Joseph M. DiOrio, Esq., then Ronald Carmark shall properly account for all such monies and create a list of all Plan participants and beneficiaries owed monies by the Plan, other than Arnold Kilberg, along with a corresponding list of the proper proportional amounts of said funds owed to each participant and beneficiary.

8. No sooner than ten (10) business days after Ronald Carmark submits the documents described in Paragraphs 7 and 13 to the U.S. Department of Labor, Ronald Carmark shall then properly distribute Plan assets out of the trust account with the assistance of Joseph M. DiOrio, Esq., as Trustee, as needed. Distributions of Plan assets shall be made to the proper Plan participants or beneficiaries in the proper proportional amounts. Such distributions shall be made by certified U.S. mail or electronic fund transfer.

9. At or before the time of distribution of Plan assets, Ronald Carmark shall send one (1) copy of this Order to each Plan participant or beneficiary.

10. Ronald Carmark shall make all distributions of Plan assets in a manner which shall be in full compliance with the Internal Revenue Code and ERISA. Distributions of Plan assets shall include prior issuance to Plan participants and beneficiaries of proper eligible roll-over notices where applicable and subsequent distribution of eligible roll-over amounts to qualified eligible investment vehicles as applicable in compliance with Section 402(f) of the Internal Revenue Code and ERISA. Mr. Carmark shall then issue the proper tax forms, *e.g.* Forms 1099, to the recipients of Plan assets and the Internal Revenue Service. Joseph M. DiOrio, Esq. shall bear no responsibilities regarding administrative duties involving distribution of Plan assets other than as explicitly set forth in this Order.

11. In the event Mr. Carmark can not locate, after diligent efforts conducted within sixty (60) days of the entry of this Consent Judgment and Order, Plan participants or beneficiaries owed monies pursuant to Paragraph 2, Mr. Carmark shall then take appropriate further measures to locate such Plan participants or beneficiaries and distribute such Plan participants' or beneficiaries' shares of the amounts owed consistent with the guidance provided in the

Department of Labor Employee Benefit Security Administration's Field Assistance Bulletin No. 2004-02, attached hereto for use of reference.

REPORTS TO EBSA

12. Within ten (10) days after receipt of the monies described in Paragraph 2 of this Order by Mr. DiOrio, Mr. Carmark with the assistance of Mr. DiOrio as needed, shall send a letter to James M. Benages, Regional Director of the Employee Benefits Security Administration, ATTN: J. Martin Shanahan, setting forth the amount of monies received from the receiver of Moneta Capital Corporation and the account number, custodian, trustee and location of the trust account in which the assets are held. The letter shall include complete copies of all documents used in the process to receive and hold said monies, including but not limited to account statements and writings sent to and from custodians of Plan assets and/or the receiver of Moneta Capital Corporation. The letter shall be sent to: James M. Benages, Regional Director, U.S. Department of Labor, Employee Benefits Security Administration, ATTN: J. Martin Shanahan, JFK Federal Building, Room 575, Boston, MA 02203.

13. Prior to any distribution of Plan assets, Ronald Carmark shall send a list of participants and beneficiaries and amounts owed to each to James M. Benages, Regional Director of the Employee Benefits Security Administration, ATTN: J. Martin Shanahan, at the address above, along with the most recent statement for the trust account holding the Plan assets which are to be distributed.

14. Within thirty (30) days after proper and prompt distribution of all monies described in Paragraph 2 of this Order to Plan participants or beneficiaries other than Arnold Kilberg, Mr. Carmark shall send a written report to James M. Benages, Regional Director of the Employee

Benefits Security Administration, ATTN: J. Martin Shanahan, at the address above, describing the distribution of said monies. The report shall include but not be limited to identification of the names and addresses of Plan participants or beneficiaries receiving monies, disclosure of amounts received by each Plan participant or beneficiary, and submission of complete copies of documents regarding the Plan distributions, including but not limited to eligible roll-over forms, canceled check copies or electronic fund transfer receipts, and applicable Internal Revenue Service and other tax or federal or state forms.

COSTS

15. Each party shall bear its own fees, costs, and expenses in connection with this action.

16. In the event Mr. Carmark seeks reimbursement from Plan assets for any costs necessarily and directly incurred by him in the distribution of Plan assets or required reporting in this matter, he shall first submit a detailed written request for such reimbursement. Such request shall be made prior to any distribution of Plan assets; shall contain a report detailing such costs; and shall contain any and all applicable receipts. Such request shall be mailed to Joseph M. DiOrio, Esq., 10 Dorrance Street, Suite 1200, Providence, R.I. 02903 and to James M. Benages, Regional Director of the Employee Benefits Security Administration, ATTN: J. Martin Shanahan, at the address above, at least ten (10) days prior to payment of any such reimbursement from Plan assets.

SCOPE OF ORDER, CERTIFICATIONS & ENFORCEMENT

17. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

18. The individuals executing this Consent Judgment and Order on behalf of the parties

hereto certify that they have been authorized by the parties to do so.

19. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

20. This Consent Judgment and Order resolves all matters in controversy in this action except for possible assessment by Plaintiff of ERISA Section 502(c) penalties, 29 U.S.C. § 1132(c), that may be imposed against the Plan administrator, provided that as to the Chapter 7 Trustee of the Bankruptcy Estate of Arnold Kilberg no such penalty shall apply other than to possible actions arising after the date of this Order.

It is so Ordered this 13th day of November 2006.

Mary M. Lisi

United States District Court Judge

We agree to the entry of this Consent Judgment and Order.

Elaine L. Chao,
Secretary of Labor
U.S. Department of Labor

By her Attorneys,

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott
Regional Solicitor

Donald E. d'Entremont
Attorney
BBO # 558834

U.S. Dept. of Labor
Office of the Solicitor

DATE: 11/09/06

______________________________
Arnold Kilberg, individually and as Trustee of
Northeast Capital Corp. Money Purchase Pension
Plan & Trust

DATE: ______________________

______________________________
Joseph M. DiOrio, Esq., Chapter 7 Trustee of
The Bankruptcy Estate of Arnold Kilberg on behalf of the
Bankruptcy Estate and Arnold Kilberg & Company

DATE: 10-16-06

ASSENTED TO BY:

Ronald Carmark, CPA
Ronald Carmark

DATE: 10/12/06

Consent Judgment and Order for Chao v. Kilberg *et al.*

U.S. Dept. of Labor
Office of the Solicitor

DATE: ____________________

Arnold Kilberg
______________________________________
Arnold Kilberg, individually and as Trustee of
Northeast Capital Corp. Money Purchase Pension
Plan & Trust

DATE: October 10, 2006

______________________________________
Joseph M. DiOrio, Esq., Chapter 7 Trustee of
The Bankruptcy Estate of Arnold Kilberg on behalf of the
Bankruptcy Estate and Arnold Kilberg & Company

DATE: ________________________

ASSENTED TO BY:

________________________________
Ronald Carmark

DATE: ________________________